UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LEAH CALDWELL,<br><br>    Plaintiff,<br><br>v.<br><br>WILLIAM BARR, et al.,<br><br>    Defendants. | No. 2:19-cv-01357 TLN AC (PS)<br><br>ORDER AND FINDINGS AND RECOMMENDATIONS |

    Plaintiff is proceeding in this action pro se. This matter was accordingly referred to the undersigned by Local Rule 302(c)(21). Plaintiff has filed a request for leave to proceed in forma pauperis ("IFP") pursuant to 28 U.S.C. § 1915, and has submitted the affidavit required by that statute. ECF Nos. 2, 3; see 28 U.S.C. § 1915(a)(1). The motion to proceed IFP will therefore be granted.

## I. SCREENING

    The federal IFP statute requires federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Plaintiff must assist the court in determining whether or not the complaint is frivolous, by drafting the complaint so that it complies with the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

////

1

The Federal Rules of Civil Procedure are available online at www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure.

Under the Federal Rules of Civil Procedure, the complaint must contain (1) a "short and plain statement" of the basis for federal jurisdiction (that is, the reason the case is filed in this court, rather than in a state court), (2) a short and plain statement showing that plaintiff is entitled to relief (that is, who harmed the plaintiff, and in what way), and (3) a demand for the relief sought. Fed. R. Civ. P. 8(a). Plaintiff's claims must be set forth simply, concisely and directly. Fed. R. Civ. P. 8(d)(1). Forms are available to help pro se plaintiffs organize their complaint in the proper way. They are available at the Clerk's Office, 501 I Street, 4th Floor (Rm. 4-200), Sacramento, CA 95814, or online at www.uscourts.gov/forms/pro-se-forms.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989). In reviewing a complaint under this standard, the court will (1) accept as true all of the factual allegations contained in the complaint, unless they are clearly baseless or fanciful, (2) construe those allegations in the light most favorable to the plaintiff, and (3) resolve all doubts in the plaintiff's favor. See Neitzke, 490 U.S. at 327; Von Saher v. Norton Simon Museum of Art at Pasadena, 592 F.3d 954, 960 (9th Cir. 2010), cert. denied, 564 U.S. 1037 (2011).

The court applies the same rules of construction in determining whether the complaint states a claim on which relief can be granted. Erickson v. Pardus, 551 U.S. 89, 94 (2007) (court must accept the allegations as true); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974) (court must construe the complaint in the light most favorable to the plaintiff). Pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the court need not accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981). A formulaic recitation of the elements of a cause of action does not suffice to state a claim. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-57 (2007); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). To state a claim on which relief may be granted, the plaintiff must allege enough facts "to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at

570.  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678.

Pro se pleadings are liberally construed.  See Hebbe v. Pliler, 627 F.3d 338, 342 (9th Cir. 2010).  A pro se litigant is entitled to notice of the deficiencies in the complaint and an opportunity to amend, unless the complaint's deficiencies could not be cured by amendment.  See Noll v. Carlson, 809 F.2d 1446, 1448 (9th Cir. 1987), superseded on other grounds by statute as stated in Lopez v. Smith, 203 F.3d 1122 (9th Cir. 2000)) (en banc).

## II.  THE COMPLAINT

In her complaint, plaintiff names as defendants some 135 current and former federal officials[1] and claims that her civil rights have been violated because of "the federal government's electronic surveillance torture" related to the Foreign Intelligence Surveillance Act, 50 U.S.C. §§ 1801–71, ("FISA").  ECF No. 1.  Plaintiff claims that defendants have violated the Civil Rights Act of 1866 by "replacing the condition 'not subject to any foreign power' with the [FISA] 50 United States Code (USC) 1801 embedded definitions of 'foreign power' and 'agent of a foreign power' subjecting [her] to FISA application approval without cause."[2]  Id. at 4.  Plaintiff also generally alleges violation of the Thirteenth and Fourteenth Amendments.  Id. at 3-4.  Plaintiff concludes her statement of claim with the following:

> The Plaintiff claims that the Defendants are violating Plaintiff's civil rights by placing the Plaintiff in a United States Marine Corps POI Surveillance mission attacking and torturing the Plaintiff using radiated, electromagnetic electronic surveillance weaponry including directed energy, lasers, electro-optical and infrared mechanisms, radio frequency weapons: high-powered microwave and electromagnetic pulse utilizing a specific frequency and magnitude thereby inflicting burns, scars, accelerated arthritis, tinnitus, evidence of electromagnetic sensors: semiconductors for frequency

---

[1] The complaint names former and current members of the Department of Justice, the Foreign Intelligence Surveillance Court, the Federal Bureau of Investigation, the National Security Agency, the U.S. Marine Corps, and the U.S. Department of the Navy, as well as several United States presidents.  ECF No. 1 at 8-13.

[2] Section 1 of the Civil Rights Act of 1866 provided in relevant part, that "all persons born in the United States and not subject to any foreign power, excluding Indians not taxed, are hereby declared to be citizens of the United States . . . ."  14 Stat. 27.

3

> management, other physical injury and psychological trauma akin to PTSD in complete violation of the Plaintiff's civil rights verified in June of 2019.

Id. at 5. For relief, plaintiff requests release of her "originally-approved FISA application" and the applications of all U.S. citizens, cessation of all electronic surveillance of plaintiff and all U.S. citizens being "held in electronic surveillance," and money damages. Id.[3]

### III. ANALYSIS

The complaint does not contain facts supporting any cognizable legal claim against any defendant. While plaintiff cites federal law, she provides no link between her conclusory allegations of "electronic surveillance attacks and torture" and the asserted civil rights violations. The court finds that the complaint consists of fanciful and delusional allegations with no basis in law and no plausible supporting facts. See Neitzke, 490 U.S. at 327; Twombly, 550 U.S. at 570.

For these reasons, it is apparent that amendment of the present matter would be futile. See Noll, 809 F.2d at 1448. The undersigned will therefore recommend that the complaint be dismissed with prejudice.

### IV. CONCLUSION

Accordingly, IT IS HEREBY ORDERED that plaintiff's application to proceed in forma pauperis (ECF No. 2), is GRANTED.

Further, IT IS HEREBY RECOMMENDED that all claims against all defendants should be DISMISSED with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified

////

---

[3] Plaintiff also filed two supplements to her complaint. The first is a reproduction of her certification and closing with a different signature date. ECF No. 3. The second is an updated list of defendants, adding President Barack Obama as another defendant. ECF No. 5.

4

time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

DATED: August 26, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE